UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ANDREW JEFFERSON,

    Petitioner,

vs.

BRIAN E. WILLIAMS, SR., *et al.*,

    Respondents.

2:16-cv-00434-APG-NJK

**ORDER**

Introduction

    This action is a petition for writ of habeas corpus by Nevada prisoner Andrew Jefferson. The respondents have filed a motion to dismiss, and the parties have briefed that motion. The court will grant respondents' motion to dismiss, and will dismiss this action on the ground it was not timely filed and is barred by the statute of limitations.

Background

    On August 10, 2011, Jefferson was charged, in a criminal complaint, with burglary, robbery and grand larceny. *See* Criminal Complaint, Exhibit 1 (ECF No. 11-1, pp. 8-9) (The exhibits referred to in this order were filed by respondents and are found in the record at ECF No. 11.). A preliminary hearing was held in a Henderson, Nevada, justice court on November 21, 2011. *See* Reporter's Transcript of Preliminary Hearing, Exhibit 2 (ECF No. 11-2). The evidence at the

preliminary hearing indicated that the charges against Jefferson were the result of his theft of a woman's purse at a Henderson Walmart store on July 2, 2011. *See id.* Following the preliminary hearing, the justice court bound Jefferson over to Nevada's Eighth Judicial District Court on the burglary, robbery and grand larceny charges. *See id.* at 28 (ECF No. 11-2, p. 8). On December 19, 2011, the State filed an information in the state district court, charging Jefferson with those three crimes. *See* Information, Exhibit 3 (ECF No. 11-3). The information included a notification that the State intended to pursue sentencing of Jefferson as an habitual criminal, under NRS 207.010, and the information alleged that he was previously convicted of eight crimes. *See id.* at 4-5 (ECF No. 11-3, pp. 5-6).

On June 27, 2012, Jefferson signed a guilty plea agreement, and pled guilty to one count of burglary. *See* Guilty Plea Agreement, Exhibit 4 (ECF No. 11-4). Under the guilty plea agreement, Jefferson and the State stipulated that Jefferson would be sentenced as an habitual criminal under NRS 207.010, and would receive a sentence of 6 to 18 years in prison. *See id.* at 1 (ECF No. 11-4, p. 2). The State agreed to dismiss the robbery and grand larceny charges. *See id.*

The state district court adjudged Jefferson guilty and sentenced him on October 19, 2012. *See* Recorder's Transcript of Sentencing, Exhibit 5 (ECF No. 11-5). At the sentencing, the State presented certified judgments establishing seven prior felony convictions. *See id.* at 2-3 (ECF No. 11-5, pp. 3-4). Jefferson was sentenced, as stipulated in the guilty plea agreement, as an habitual criminal under NRS 207.010, to 6 to 18 years in prison. *See id.* at 8 (ECF No. 11-5, p. 9); Judgment of Conviction, Exhibit 6 (ECF No. 11-6). The judgment of conviction was entered on November 7, 2012. *See* Judgment of Conviction, Exhibit 6 (ECF No. 11-6).

Jefferson did not appeal from the judgment of conviction.

On November 12, 2013, Jefferson filed a petition for writ of habeas corpus in the state district court. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 7 (ECF No. 11-7). The State moved to dismiss the petition, contending that it was time-barred. *See* State's Response and Motion to Dismiss, Exhibit 8 (ECF No. 11-8). Jefferson, with appointed counsel, responded to

that motion. *See* Petitioner's Reply, Exhibit 9 (ECF No. 11-9); Supplemental Memorandum of Points and Authorities in Support of Petition, Exhibit 10 (ECF No. 11-10); Reply to State's Response, Exhibit 12 (ECF No. 11-12). The state district court held an evidentiary hearing regarding the motion to dismiss on April 16, 2015. *See* Recorder's Transcript of Evidentiary Hearing, Exhibit 13 (ECF No. 11-13). On May 21, 2015, in a written order, the state district court ruled that Jefferson's state habeas petition was barred by the statute of limitations at NRS 34.726(1), anddenied his petition on that ground. *See* Findings of Fact, Conclusions of Law and Order, Exhibit 14 (ECF No. 11-14).

Jefferson appealed from the denial of his state habeas petition. *See* Fast Track Statement, Exhibit 15 (ECF No. 11-15). The Nevada Court of Appeals affirmed on December 29, 2015, ruling as follows:

> Appellant Andrew Jefferson filed his petition on November 19, 2013, more than a year after entry of the judgment of conviction on November 7, 2012. [Footnote: Jefferson did not pursue a direct appeal.] Therefore, Jefferson's petition was untimely and procedurally barred absent a demonstration of good cause -- cause for the delay and undue prejudice. *See* NRS 34.726(1).
>
> In an attempt to excuse his procedural default, Jefferson claimed that he was deprived of meaningful access to the prison law library. The district court conducted an evidentiary hearing on Jefferson's good-cause claim and found that Jefferson was provided with access to the prison law library, he signed into the prison law library 16 times, he was never prevented from accessing the prison law library, and he did not establish legal cause to excuse the procedural default.
>
> Our review of the record reveals the district court's factual findings are supported by substantial evidence and are not clearly erroneous, and we conclude Jefferson has not demonstrated that the district court erred by denying his petition. *See State v. Eighth Judicial Dist. Court* (*Riker*), 121 Nev. 225, 231, 112 P.3d 1070, 1074 (2005) ("Application of the statutory procedural default rules to post-conviction habeas petitions is mandatory.")

Order of Affirmance, Exhibit 17, pp. 1-2 (ECF No. 11-17, pp. 2-3). The Nevada Supreme Court issued a remittitur on January 25, 2016. *See* Remittitur, Exhibit 18 (ECF No. 11-18).

Jefferson alleges that he mailed his federal habeas petition to this court, initiating this action, *pro se*, on February 18, 2016. *See* Petition for Writ of Habeas Corpus (ECF No. 6), p. 1. This court

received Jefferson's petition on February 29, 2016, and it was filed on April 7, 2016, after Jefferson paid the filing fee. *See id*.

On July 26, 2016, respondents filed the motion to dismiss that is now before the court (ECF No. 10). In that motion, respondents assert that Jefferson's petition is barred by the statute of limitations, and that, alternatively, all of his claims are procedurally barred. Jefferson filed an opposition to the motion to dismiss on September 9, 2016 (ECF No. 12). Respondents filed a reply to Jefferson's opposition on September 16, 2016 (ECF No. 13).

<u>Statute of Limitations</u>

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted in 1996, established a one-year statute of limitations for federal habeas petitions filed by prisoners challenging state convictions or sentences:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1).

In this case, because Jefferson did not pursue a direct appeal of his conviction, his conviction became final when the time for him to appeal expired. The judgment of conviction was entered on November 7, 2012. *See* Judgment of Conviction, Exhibit 6 (ECF No. 11-6). Jefferson's conviction

4

became final thirty days later, on December 7, 2012.  The one-year limitations period for Jefferson's federal habeas petition began to run on that date.

Therefore, absent any applicable tolling, Jefferson had until one year later, December 7, 2013, to file his federal habeas petition.  Jefferson did not file his federal habeas petition by that date.  He mailed his federal petition for filing on February 18, 2016, more than 26 months after the limitations period expired.

The AEDPA statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court.  *See* 28 U.S.C. § 2244(d)(2).  However, because Jefferson's state habeas petition was untimely filed, it was not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2), and it does not qualify for statutory tolling of the federal limitations period.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 412-16 (2005).

A habeas petitioner is entitled to equitable tolling of the AEDPA statute of limitations if the petitioner shows: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*, 544 U.S. at 418; *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir.2009).  Jefferson does not suggest any basis for equitable tolling.

This action is barred by the statute of limitations, and the court will dismiss this action on that ground.  The court declines to reach the question whether Jefferson's claims are also barred by the procedural default doctrine.

Certificate of Appealability

The standard for issuance of a certificate of appealability requires a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).  The Supreme Court has interpreted 28 U.S.C. § 2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds.  We hold as follows: When the district court denies a habeas

petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir. 2000). Applying the standard articulated in *Slack*, the court finds that a certificate of appealability is unwarranted in this case.

**IT IS THEREFORE ORDERED** that respondents' Motion to Dismiss (ECF No. 10) is **GRANTED**. This action is dismissed.

**IT IS FURTHER ORDERED** that petitioner is denied a certificate of appealability.

**IT IS FURTHER ORDERED** that the clerk of the court shall enter judgment accordingly.

Dated: September 26, 2016.

_____
UNITED STATES DISTRICT JUDGE